FILED

**NOT FOR PUBLICATION**

JUN 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT HADEN KING, Jr.,

      Plaintiff - Appellant,

  v.

JOE E. CAPPS, Inspector III; et al.,

      Defendants - Appellees.

No. 09-35304

D.C. No. 6:08-cv-06195-TC-MRH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

    Robert Haden King, Jr., an Oregon state prisoner, appeals from the district

court's judgment dismissing his 42 U.S.C. § 1983 action arising from a misconduct

report issued against him because of a letter he mailed to his girlfriend. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument, and therefore denies King's request. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 770 (9th Cir. 2006).  We affirm.

The district court properly dismissed King's First Amendment claim because he failed to allege facts suggesting he was injured as a result of the misconduct report, which was later dismissed.  *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) ("In a constitutional tort, as in any other, a plaintiff must allege that the defendant's actions caused him some injury."); *see also Sprewell v. Golden State Warriors*,  266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

The district court properly dismissed King's due process claim because he failed to allege facts implicating a constitutionally-protected liberty or property interest.  *See Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972).

The district court properly dismissed King's equal protection claim because he failed to allege facts suggesting he was a member of a protected class or that similarly-situated inmates outside that class were treated less severely.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (to state an equal protection claim, the plaintiff must allege facts that defendants "acted with

an intent or purpose to discriminate against the plaintiff based upon membership in a protected class") (citation and internal quotation marks omitted).

The district court properly dismissed King's Eighth Amendment claim because he failed to allege facts suggesting he suffered a sufficiently serious deprivation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to state an Eighth Amendment claim a prisoner must show that an official's act or omission resulted in the denial of "the minimal civilized measure of life's necessities") (citation and internal quotation marks omitted).

King's remaining contentions are unpersuasive.

King's motion to appoint counsel is denied.

**AFFIRMED.**